UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TREVON STANBERRY | CIVIL ACTION |
| VERSUS | NO. 24-2845 |
| ALLIANCE OFFSHORE, LLC, ET AL. | SECTION "O" |

## ORDER

**IT IS ORDERED** that the *ex parte* motion[1] to amend scheduling order filed by Plaintiff Trevon Stanberry, and unopposed by Defendants, is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's Scheduling Order[2] is **AMENDED** as follows:

### FIRST AMENDED SCHEDULING ORDER

### Initial Disclosures and Amendments

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have been exchanged and the deadline has expired.

Amendments to pleadings, third-party actions, crossclaims, and counterclaims have been filed and the deadline for doing so is expired.

### Expert Reports

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and

---

[1] ECF No. 21.
[2] ECF No. 15.

delivered to counsel for Defendant as soon as possible, but in no event later than **March 10, 2026**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **April 10, 2026**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

Written rebuttal reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant no later than **May 11, 2026**. Plaintiff is cautioned that rebuttal reports shall be strictly limited to opinions in response to the Defendant's expert reports.

### **Witnesses and Exhibits**

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial. Each party shall designate those witnesses whose testimony the party expects to present by deposition and provide their opponents with a transcript of the pertinent parts of the deposition. Additionally, each party shall identify the documents or exhibits the party may or will use at trial. These disclosures must be made no later than **April 10, 2026.**

Barring an order from the Court issued on motion for good cause, the Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits.

**Depositions and Discovery**

Depositions for trial use shall be taken and all discovery shall be completed no later than **May 27, 2026**.

This case does not involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

**Motions**

All dispositive motions shall be filed in sufficient time to permit a submission date of **May 27, 2026**, in accordance with Local Rule 7.2.

All non-evidentiary pretrial motions, including motions *in limine* regarding the admissibility of expert testimony (e.g., *Daubert* motions), shall be filed in sufficient time to permit a submission date of **June 10, 2026,** in accordance with Local Rule 7.2.

All other motions *in limine* shall be filed by **June 24, 2026** and responses thereto shall be filed by **July 1, 2026**. Any reply briefs shall be filed no later than 4:00 p.m. on **July 7, 2026**.

This Section adheres to Local Rule 78.1 regarding oral argument on motions.

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2, requiring parties to file a short and concise statement of material facts as to which there does or does not exist a genuine issue to be tried.  Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, and record document number reference.  Record evidence not specifically referred to by the parties may not be considered by the Court.

The parties should only submit pertinent pages of deposition transcripts.  Submission of an entire transcript is strongly disfavored.

Counsel shall deliver a hard copy of any pleadings, along with any exhibits and attachments that together exceed 100 pages in total length, to chambers at 500 Poydras Street, Room C-317 for the Court's use. The hard copy must be delivered at the time of CM/ECF filing. It must be in a tabbed, three-ring binder and reflect pagination and document numbers consistent with the electronic document stamping of CM/ECF.

Counsel shall also be prepared to provide all exhibits in an electronic format to the Court, as well as to display exhibits electronically to witnesses during trial.

Any exparte motions regarding dismissals, leave to file, extensions, or continuances should include the non-moving party's position.

Motions filed in violation of this order will not be considered unless good cause is shown.

### **Status and Settlements Conferences**

The Court will hold an in-person status conference on **June 11, 2026, at 10:30 a.m.** for the purpose of discussing the status of the case. No later than five (5) working days before the status conference by 5:00 p.m., each party must submit a status report to the Court. The parties may submit a joint status report or submit status reports separately. Each status report must contain information broken down according to the following five categories:

1. A brief description of the basis for jurisdiction;
2. A brief description of the factual and legal issues underlying the dispute;
3. A list of any discovery that remains to be done;
4. A list of any contemplated motions and a brief description of the contemplated motion(s); and
5. Whether the parties have participated in or scheduled a settlement conference.

The status report(s) should not be filed, but instead submitted by email to chambers at efile-long@laed.uscourts.gov. Should the parties request to participate in the status conference by telephone, all parties must be in agreement, and they must notify the Court at the time they submit their status report(s).

The parties must also participate in a settlement conference with the assigned magistrate judge. This is mandatory. The parties must contact the assigned

magistrate judge six weeks prior to the pretrial conference date for the purpose of scheduling a settlement conference. The settlement conference should be held no later than **2 weeks before the Pretrial Conference**.

### Pretrial Conference and Trial

A Final Pretrial Conference will be held in person before the District Judge on **July 9, 2026 at 10:00 a.m.** Counsel will be prepared in accordance with the final Pretrial Notice attached. The pretrial order must be electronically filed with the Court by 12:00 p.m. five (5) workdays prior to the conference (*e.g.*, if the conference is set for 8:30 a.m. Friday, it must be filed into the record by noon the preceding Friday). It must be double-spaced and bear the electronic signature of all counsel.

Trial will commence **MONDAY, JULY 27, 2026 at 9:00 a.m.** before the District Judge **WITH** a jury. Attorneys are instructed to report for trial no later than 30 minutes before this time. Trial is estimated to last 5 days.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not be granted except upon a showing of good cause.

New Orleans, Louisiana, this 29th day of September, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE